BLANCO, APELADA, *v.* HERNÁNDEZ ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 935.—Resuelto en junio 23, 1913.

PRESCRIPCIÓN DE LA ACCIÓN DE DAÑOS Y PERJUICIOS—COMPUTACIÓN DEL TÉRMINO—FALTA DE DATOS EN LA TRANSCRIPCIÓN.—En el presente caso se vendió en pública subasta una finca perteneciente a la demandante. El procedimiento no se siguió contra la demandante, sino por uno de los demandados contra el otro demandado que aparecía como dueño de la finca en cuestión, pero que en realidad no lo era. La fecha de la inscripción de la venta en el registro de la propiedad, no aparecía de la transcripción. Se resolvió: que el hecho de la venta en pública subasta no implicaba necesariamente que la demandante tuviera conocimiento de la existencia del mismo, ni podía por tanto su fecha tomarse como base para empezar a contar el término señalado por la ley para el ejercicio de la acción de daños y perjuicios, sin que pudiera tampoco computarse el término tomando como punto de partida la fecha de la inscripción de la venta en el registro de la propiedad, ya que dicha fecha no se hizo constar en la transcripción del caso.

CONFABULACIÓN PARA DEFRAUDAR A UN TERCERO.—En este caso se demostró que el demandado F. F. L. se puso de acuerdo con el otro demandado A. H. M. y lo demandó en cobro de una deuda simulada; que dictada sentencia la hizo efectiva en una finca que aparecía inscrita en el registro a favor del demandado A. H. M., pero que había pasado ya a poder de la demandante, según constaba a los demandados, y que al actuar así ambos demandados lo hicieron con la intención de defraudar a la demandante, la que se vió obligada a instituir procedimientos y a gastar dinero para despejar su situación y poder inscribir su título en el registro de la propiedad. Se resolvió: que tales

hechos constituían una confabulación para defraudar a la demandante y que ésta tenía derecho a recobrar de los demandados los daños y perjuicios que se le ocasionaron.

ID.—FIJACIÓN DE LA INDEMNIZACIÓN.—Analizadas las pruebas y las circunstancias del caso, la corte aceptó como la justa y procedente la cantidad de seiscientos dólares fijada por el tribunal inferior.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Leopoldo Feliú.*

Abogado de Agustín Hernández Mena: *Sr. José Sabater.*

Abogado de Francisco Falagán: *Sr. William J. Santos.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En noviembre 16, 1911, Alejandrina Blanco Ramírez presentó demanda en la Corte de Distrito de Mayagüez contra Agustín Hernández Mena y Francisco Falagán Lobato, sobre daños y perjuicios. Los demandados separadamente excepcionaron y contestaron la demanda y el primero de ellos, Hernández Mena, estableció además una reconvención que fué eliminada por orden de la corte dictada a solicitud de la parte demandante.

Celebrada la vista, la corte declaró probados los siguientes hechos:

"Que el día 22 de junio de 1910, en un procedimiento ejecutivo sumarísimo que se tramitó en esta corte de distrito, con el número 2704 del registro de causas civiles de la misma, seguido por Alejandrina Blanco y Ramírez, la demandante, contra el ahora demandado Agustín Hernández Mena y Manuel, Francisco, Emilio y Agripina C. Arán y Cuascú, la demandante adquirió por adjudicación que de ella se le hizo por el márshal de esta corte de distrito, el dominio en propiedad absoluta de siete octavas partes proindiviso de la finca que se describe en el hecho segundo de la demanda, que es una casa de mampostería de dos pisos, con balcón corrido y que da frente a la calle de San José, con solar propio. Que dicho procedimiento ejecutivo se siguió por la demandante contra dichos demandados para cobrar un crédito que tenía la demandante garantizado con hipoteca sobre la propiedad antes mencionada, la que aparece inscrita en el registro de la propiedad, habiendo hecho demandado en el mismo, al ahora demandado Agustín Hernández Mena, quien adquirió dicha propiedad en pleito civil que siguió en la Corte Municipal de Maya-

güez, con el No. 145 de causas civiles de dicha corte, contra Inocencia C. Viuda de Arán, de cuya adquisición le fué otorgada la oportuna escritura pública, la que inscribió en el registro de la propiedad, quedando la finca siempre sujeta a la hipoteca antes referida a favor de la demandante Alejandrina Blanco Ramírez.

"Que subsiguientemente, y el día siete de septiembre de 1910, cuando todavía no había inscrito la adjudicación que de la propiedad referida se hizo en el pleito ejecutivo sumario a la demandante y estando todavía la referida finca, que fué ejecutada, inscrita a nombre del demandado Agustín Hernández Mena en el registro de la propiedad, dicho demandado Agustín Hernández Mena maliciosa y fraudulentamente y de acuerdo y en combinación con el otro demandado Francisco Falagán Labato, entraron en una conspiración y conspiraron con el propósito de cometer un acto encaminado a defraudar a la demandante y a pervertir u obstruir la justicia o la debida administración de las leyes, obligando a litigar y gastar dinero, en consecuencia, a la demandante; y obrando así en virtud de dicha conspiración y ambos de acuerdo, el demandado Agustín Hernández Mena se hizo demandar simuladamente por el otro demandado en el presente caso, Francisco Falagán y Lobato, ante la Corte Municipal de Mayagüez, en cobro de una deuda supuesta y ficticia por la cantidad de quinientos dollars, cuya causa se registró en dicha corte municipal, bajo el número 526 del registro de causas civiles de dicha corte; haciéndose anotar y registrar el demandado Agustín Hernández Mena, una sentencia en rebeldía por la referida suma de quinientos dollars, cuya sentencia fué registrada el día 20 de septiembre de 1910.

"Que subsiguientemente, y obrando siempre de acuerdo ambos demandados, Agustín Hernández Mena y Francisco Falagán Lobato, en prosecución y en virtud de la susodicha conspiración, el demandado Falagán Lobato, sin antes hacer la excución de bienes muebles de su demandado aparente en dicha subasta en la corte municipal, y aprovechándose de que el título de Alejandrina Blanco y Ramírez, la demandante, sobre la propiedad que se deja inscrita en el hecho segundo de la demanda, no aparecía inscrito en el registro de la propiedad y sí la adjudicación que de la misma propiedad se había hecho anteriormente al demandado Agustín Hernández Mena, en el pleito que éste siguiera con el número 145 en la corte municipal contra Inocencia C. Viuda de Arán, dicho demandado Francisco Falagán Lobato hizo embargar por el márshal de la Corte Municipal de Mayagüez, para satisfacer la sentencia por quinientos pesos, intereses y costas, así fraudulentamente obtenida, la finca o participa-

ción de la demandante Alejandrina Blanco Ramírez, descrita en el hecho segundo de la demanda y también hizo librar el mandamiento de ejecución para satisfacer dicha sentencia.

"Que subsiguientemente y prosiguiendo siempre en su dicha conspiración los referidos demandados Hernández Mena y Falagán Lobato, obrando siempre de acuerdo, hicieron verificar la venta en pública subasta de dicha propiedad en virtud del embargo y mandamiento de ejecución antes mencionados, cuya venta en pública subasta se llevó a cabo el día siete de noviembre de 1910, a las nueve de la mañana, adjudicándose la finca al referido demandado Francisco Falagán Lobato, por la cantidad de cuatrocientos dollars que se abonó a cuenta dicho Francisco Falagán Lobato, otorgándose escritura de dicha adjudicación en venta pública por el márshal de la corte municipal, el día nueve de noviembre de 1910 autorizada por el Notario Don Mariano Riera Palmer, bajo el número 592, cuya escritura la hizo inscribir el demandado Francisco Falagán Lobato en el Registro de la Propiedad de Mayagüez, al tomo 92 de dicho municipio, finca número 2394 triplicado, inscripción oncena, al folio 246 de dicho tomo.

"Que en virtud de los hechos y actos de dichos demandados que se dejan como probados, la demandante Alejandrina Blanco y Ramírez, estuvo privada por algún tiempo, indebida e ilegalmente de inscribir en el registro de la propiedad su título y se vió obligada a hacer gastos en procedimientos judiciales, invirtiendo en ellos, solamente para pagar honorarios de abogado la cantidad de doscientos dollars, gastando además en sellos del registro algunas sumas y también en viajes y desembolsos necesarios que hiciera para atender a dicho asunto relacionados con la inscripción de la referida finca en el registro de la propiedad."

Basándose en los anteriores hechos y después de hacer un análisis minucioso de la evidencia practicada, el juez sentenciador estimó que debía condenar y condenó a los demandados a pagar mancomunada y solidariamente a la demandante, como indemnización de daños y perjuicios, la suma de seiscientos dollars, con más las costas, desembolsos y honorarios de abogado. La sentencia se registró el 25 de septiembre de 1912 y contra ella interpusieron los demandados el presente recurso de apelación.

Los fundamentos del recurso pueden resumirse como sigue:

1. Que la acción de daños y perjuicios estaba prescrita por ministerio de la ley, al tiempo en que se presentó la demanda.

2. Que la demanda no aduce hechos suficientes para determinar una causa de acción de daños y perjuicios;

3. Que la demandante no probó la existencia de la conspiración alegada; y

4. Que tampoco probó la existencia de daños positivos, ni la cuantía de los mismos.

Examinemos el primer fundamento. La parte apelada sostiene en su alegato que la prescripción no se alegó en tiempo y forma y que no fué considerada por la corte inferior, ni debe serlo por esta Corte Suprema. Prescindiremos de estas objeciones y estudiaremos la contención tal como la presentan los apelantes. Estos alegan que la demandante el 7 de noviembre de 1910 sabía que el márshal había vendido los bienes a Falagán Lobato y que la demanda no se interpuso hasta el 16 de noviembre de 1911, cuando había transcurrido por tanto más del año que la ley concede para entablar la acción de daños y perjuicios. Hemos examinado la demanda y la prueba practicada y no aparece de la primera, ni se demuestra por la segunda que la demandante supiera el 7 de noviembre de 1910 que se había vendido la finca a Falagán Lobato, ni menos que estuviera enterada en esa fecha de la existencia de la conspiración que alegó luego en su demanda. Todo lo que consta y así se declaró probado por el juez sentenciador, es que el 7 de noviembre de 1910 se vendió en pública subasta a Falagán Lobato la finca en cuestión, pero este hecho no implica necesariamente que la demandante tuviera conocimiento del mismo. La fecha de la inscripción de la venta en el registro de la propiedad no se hizo constar en la transcripción.

No habiendo, pues, la parte que tenía el deber de hacerlo, proporcionado a esta Corte Suprema la base necesaria para

la computación del término para la prescripción, no cabe apreciar la existencia de la misma.

Veamos el segundo fundamento. La demanda alega substancialmente los mismos hechos declarados probados por el juez sentenciador y basta leer esos hechos para convencerse de que, si son ciertos, la demandante tiene una buena causa de acción contra los demandados.

Estudiemos el tercer fundamento. Ya hemos dicho que la corte hizo un minucioso examen de la prueba practicada, consistente en documentos y testigos. No lo transcribimos íntegro, porque sería alargar innecesariamente esta opinión. Procuraremos extractarlo en la forma más breve que nos sea posible. Se presentaron documentos indubitados escritos en maquinilla por Hernández Mena y los autos en el caso de *Falagán* v. *Hernández,* tramitado en la corte municipal. Por una comparación cuidadosa de ellos y no obstante haber asegurado Hernández bajo juramento en el acto del juicio, que no había escrito la demanda en el dicho caso de *Falagán* v. *Hernández,* la corte concluyó que el papel era exactamente el mismo y también la clase de máquina empleada, observándose los mismos desniveles en las letras. En el acto de la vista Falagán declaró que él fué el que escribió en maquinilla la demanda; también declaró que sabía escribir en maquinilla picando con los dedos y que se equivocaba a cada rato, y la corte habiendo examinado la demanda y no encontrando ninguna falta en ella, no dió crédito a su testimonio.

Hernández Mena declaró que no llevó la demanda de que se trata a la corte municipal. El secretario auxiliar de dicha corte declaró que Hernández Mena llevó personalmente la demanda y fué quien hizo el depósito. La corte no creyó a Hernández y dió crédito al secretario.

La corte dió crédito a la declaración del Notario Riera Palmer sobre el extremo de haber sido el propio Hernández Mena el que le llevó ya preparadas, para que las legalizara, la escritura de venta y su copia otorgada por el márshal

de la corte municipal a favor de Falagán, en el pleito de referencia.

La corte apreció el hecho de que Hernández Mena, un litigante que la corte conocía como tenaz e incansable, en el pleito de que se trata, se dejó condenar en rebeldía sin hacer alegación alguna.

La corte por los testimonios del abogado Benet y del secretario de la corte de distrito y por una certificación del registrador de la propiedad, estimó probado que Manuel Parra, mandadero y empleado de Hernández Mena, hizo gestiones que específica a nombre y en pro de Falagán en el asunto de que se trata.

La corte dedujo, en fin, la confabulación de los demandados, de un análisis de sus propias declaraciones. Ambos eran amigos íntimos. La cantidad que Falagán cobró a Hernández por la vía judicial procedía según ellos de un préstamo que no se hizo constar por escrito y del cual no se llevó nota a los libros de Falagán, no obstante tener Hernández abierta cuenta en ellos.

Las expuestas, y otras circunstancias más apuntadas por la corte y que aparecen de la prueba, demuestran que la corte sentenciadora no erró al declarar justificada la existencia de la confabulación de los demandados para defraudar o por lo menos obstaculizar a la demandante en el ejercicio de su derecho.

Veamos, examinando el cuarto fundamento, si la corte erró o nó al declarar la existencia de daños positivos en este caso y al fijar su cuantía.

La demandante tenía ya otorgada a su favor y como consecuencia de un pleito que siguiera, un título de propiedad. Cuando fué a inscribirlo en el registro se encontró con que no pudo hacerlo, porque la finca figuraba inscrita a favor de otra persona, a virtud de la confabulación de los demandados. Entonces se vió obligada a instituir procedimientos judiciales para despejar su situación. Esto le ocasionó gastos. La corte sentenciadora apreció que sólo por honorarios de abo-

gado, pagó la demandante $200, y que hizo además otros gastos en sellos, viajes, etc. La existencia, pues, de daños positivos es indudable. La cantidad de $600 fijada por la corte, nos parece moderada y como no se nos ha presentado ningún argumento poderoso que nos obligue a reducirla, creemos que, dadas las circunstancias de este caso, no debemos alterarla.

Existe en los autos un pliego de excepciones que contiene ocho, relativas a la prueba. Dichas excepciones no se sostienen por los apelantes en su alegato. Las hemos examinado, y, a nuestro juicio, fueron resueltas correctamente por la corte de distrito.

También hemos examinado la resolución de la corte de distrito relativa a la eliminación de la reconvención y la estimamos enteramente correcta.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.